STATE OF MISSOURI    )
                         )   SS.
COUNTY OF ST. LOUIS  )

**FILED**

OCT 1 6 2001

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

UNITED STATES OF AMERICA,    )
ex rel HAROLD R. MOORE, DPM,  )
                             )
            Plaintiff,    )
                             )
vs.                         )
                             )
MID-WEST PODIATRY AND    )    Civil Action No.
ASSOCIATES, LLC., VIVRA SPECIALITY  )
PARTNERS, JEFFERY BROOKS, DPM,  )
H. JOHN VISSER, DPM, and    )    <u>Jury Trial Demanded</u>
ROBERT K. DUDDY, DPM,    )
                             )
           Defendants.  )

4101CV01636ERW

## COMPLAINT

### False Claims Act

This action filed pursuant to the Qui Tam provisions of the False Claims Act. (31 U.S.C.,

Sections 3729 *et. seq.*) and principles of common law, is based on a scheme by Defendant Mid-West

Podiatry and Associates, LLC (hereinafter referred to as "Mid-West"), Vivra Speciality Partners,

(hereinafter referred to as "Vivra"), Jeffery Brooks, DPM, (hereinafter referred to as "Brooks"), H.

John Visser, DPM, (hereinafter referred to as "Visser"), and Robert K. Duddy (hereinafter referred

to as "Duddy"), their schemes to defraud the United States, The Federal Medicare Program, The

Federal Aspect of the Medicaid Program and the American taxpayers of millions of dollars through

fraud, waste, abuse, mismanagement and gross negligence while Defendant acted as a Medicare

carrier and Federal Program contractor, responsible for the administration of hospital and clinic based health care and receiving reimbursement of Medicare and Medicaid claims for hospital and clinic based health care services provided to Medicare and Medicaid beneficiaries.

Plaintiff Harold L. Moore, DPM, (hereinafter referred to as "Moore") by and through the undersigned counsel, and acting on behalf of and in the name of, The United States of America, alleges as follows:

## Parties

1. Plaintiff Moore is a citizen of the United States of America and a resident of the State of Colorado. Plaintiff is suing on his own behalf and on behalf of and in the name of the United States Government, pursuant to 31 U.S.C., Section 3730(b). Plaintiff was employed by the Defendants Mid-West and Vivra, and acted under the direction of Defendants Brooks, Visser and Duddy, from February 1998 through June of 1999.

2. The United States administers the Federal Medicare Program through its agency, The Department of Health and Human Services (DHHS), Division of Health Care Financing Administration (HCFA). HCFA is authorized to enter into and administer contracts on behalf of DHHS and the United States. Inclusive in HCFA's contracting authority is the responsibility for administering the Federal Medicare Program and the payment and reimbursement of Medicare claims processed by Medicare contractors.

3. Defendants Mid-West, Brooks, Visser and Duddy have their principal offices in Creve Coeur, Missouri, and are doing business in the Eastern District of Missouri. All Defendants are in the business of providing podiatric services to patients throughout the eastern region of Missouri. In particular, they each have several divisions, clinics and offices which provide operative care, direct patient care, pre-operative screening, direct patient care through physicians and aides,

consultation, follow-up and prescriptive care.

## Jurisdiction and Venue

4. This Court has jurisdiction in this matter under 31 U.S.C., Section 3732(a) and 28 U.S.C., Sections 1331 and 1345.

5. Relator Moore has direct personal and independent knowledge within the meaning and definition of 31 U.S.C., Section 3730(e)(4)(B) derived through and from Relator's employment, professional contact and/or association with the Defendants, Mid-West, Vivra, Brooks, Visser and Duddy, of the information on which the allegations set forth in the Complaint are based. The Relator has voluntarily provided the information contained in this Complaint to the government prior to the filing of the Complaint, which was done at a meeting on June 18, 2001, in the U.S. Attorneys office for the Eastern District of Missouri. None of the allegations set forth in this Complaint are based on a public disclosure of allegations or transactions in a criminal, civil or administrative hearing, in a Congressional, administrative or general accounting office report, hearing, audit, investigation or from the news media.

6. Venue in the Eastern District of Missouri is proper under 31 U.S.C., Section 3732(a) and 28 U.S.C., Sections 1391(b)(c).

## Federal Medicare Program

7. DHHS, through HCFA, provides health insurance to eligible aged and disabled Americans (Medicare beneficiaries) pursuant to the provisions of the Medical Program, Title XVIII of the Social Security Act, 42 U.S.C., Section 1395, et. seq. The Medicare Program provides health care services and benefits to certain eligible groups such as persons over age sixty-five, disabled persons and qualifying homebound persons in need of medical/nursing care. The Medicare Program is administered under two distinct parts. Medicare Part A, "Hospital Insurance for the Aged and

Disabled", covers health care services furnished by hospitals, home health agencies, hospices, and skilled nursing facilities. Medicare Part B, "Supplementary Medical Insurance for the Aged and Disabled", covers laboratory services, x-rays, physicians' services and other non-institutional services, such as medical supplies and durable medical equipment (DME), as well as some other services not reimbursed under Medicare Part A.

8. The Defendants would apply to HCFA for reimbursement under Medicare Parts A and B for providing radiologic care, pre-operative testing, primary and direct patient care, nursing home, orthopedic treatment, care, consults and radiologic. All of these areas would be documented in charts in such a fashion as to justify and substantiate a basis to qualify for billing under Medicare and these charges would then be processed by the Defendants' billing departments through HCFA under Medicare Parts A and B.

## Factual Background

9. Defendant Vivra Speciality Partners owns and Defendants Jeffery Brooks, DPM, H. John Visser, DPM, and Robert K. Duddy, DPM, operate Mid-West Podiatry and Associates, LLC, which has several offices in Missouri. These facilities provide podiatric care, surgical care, pre-operative care, pre-operative testing, and general foot care through physicians and aides.

10. Plaintiff was employed by Mid-West from February 1998 through June 1999. As a result of the Plaintiff's position, he learned and observed that there are patients who are not receiving qualified treatment in compliance with Medicare and Missouri laws and regulations; that there was upcoding or changing of the coding in various instances of podiatic care; that medical care which was not provided by an authorized medical provider was being billed as medical provider services; and that residents were being utilized for general health care and were being billed out as though they were physicians.

11. This information was conveyed to and known by the officers and directors of Defendants Vivra Speciality Partners and Mid-West Podiatry and Associates.

12. The upcoding incidents involved treatment of toenail, nursing home visits, x-rays, unbundling of procedures, and performance of medically unnecessary surgery (hammer toes).

13. Another area of fraud was the improper use of codes in the billing system involving the use of a "1101.A" modifier under which the computer automatically generated treatment notes necessary to cause the claim to be acceptable to Medicare under the ICDA code of 110.1.

14. Defendants have engaged in this fraudulent billing for at least the last ten years, and although these issues were brought to the attention of the physician in charge and/or the Administrator, the billing practices did not change.

15. As a result of the complaints which Plaintiff made, nothing was changed relating to the practice of the fraudulent billing, other than that the Plaintiff's job was threatened, and that Plaintiff was instructed to continue to use the standardized dictation. Plaintiff continued to express his concerns over these fraudulent areas, however, no changes were made to correct the discrepancies.

16. Based upon Plaintiff's review of the charts and computer systems and through his discussions with other employees of the Defendants, and based upon his position, it is clear that there has been fraud relating to billing, patient care, x-rays, medically necessary surgery, use of the residency program, and nursing home visits.

17. The Defendants, Mid-West and Vivra, had a standard practice of fraudulent practice that involved the upcoding of debridment of toenails. The code that should be utilized is that of a 11720 or a 17721. However, since Medicare does not pay for this procedure, the billing department of Mid-West and Vivra created a computer system to automatically add modifiers so that any claims that were submitted to Medicare would automatically be approved by inclusion of a covered

modifier. By way of example, an ICDA code of 110.1 would be changed to 110.1A. This would internally generate a claim through the Mid-West and Vivra computers that submitted a statement of "clinical evidence of mycosis, marked limitations of ambulation and other such modifiers". This would be added into the chart automatically regardless of the doctors examination and regardless of the patients ambulatory status. This was done on an automated clerical basis through modification of the computer system to generate same to have bills paid. This code would be noted and circled thousands of times for routine foot care. The medical care which was provided was reduced to a speed processing level and was reduced to automated and canned dictation. The doctors working for the Mid-West and Vivra were given prepared dictation and were instructed that same must be utilized. These dictations would be identical for each and every patient regardless of the clinical findings. All that would be added to this dictation would be the patients date of exam, the name, address and doctor performing the exam. A standardized dictation form would then be generated without any case by case additions. One of the reasons for this is the requirement that Mid-West and Vivra physicians spend no more than three (3) minutes per patients. Mid-West and Vivra would book in excess of fifty patients per day, per doctor and had to develop a modification of the computer system to allow patients to be booked every three minutes rather than every seven minutes which the computer system was designed to accomplish. The office would double book the patients which would allow only a three (3) minute visit for each patient. The Plaintiff was advised to leave the examination room after three minutes and this three minute visit would be billed as a 99212, 99213 and 99203. All of these codes require a more extensive visit and cannot be completed in a three (3) minute exam.

18. Another area of fraud relating to Midwest and Vivra is their development of a residency program. The Defendants, Mid-West and Vivra receive GME (graduate medical education) funding

though HCFA as a part of their residency program. However, Mid-West and Vivra utilize these residents on an unsupervised basis. These residents are utilized to provide patient care and Mid-West and Vivra are billing for the services provided by those residents through doctors within the agency.

19. Relator Moore advised Mid-West and Vivra against the rapid booking and turnover of patients and further advised against the utilization of canned or pre-prepared dictation. He advised that he would undertake his own dictation and schedule patients at his own time. Relator was advised that should he refuse to utilize the canned dictation and see patients at the schedule booked by Mid-West and Vivra or that he would be terminated. As a result of these pressures Relator left his employment with Mid-West and Vivra in June of 1999.

## Count One - False Claims Act

### (Presentation of False Claims)

20. That the allegations of paragraph numbers 1 through 19 are incorporated by reference herein as if each is fully set forth.

21. The Defendants Mid-West, Vivra, Brooks, Visser and Duddy, knowingly presented false or fraudulent claims for payment or caused false or fraudulent claims to be presented to officers or employees of the United States government in violation of 31 U.S.C., Section 3729(a)(1). As a result of the Defendants' conduct, the United States suffered actual damages.

## Count Two - False Claims Act

### (Presentation of False Statements)

22. The allegations of paragraph numbers 1 through 21 are incorporated by reference herein as if each is fully set forth.

23. The Defendants Mid-West, Vivra, Brooks, Visser and Duddy, knowingly made or used,

or caused to be made or used, false records or statements in order to get the payment or approval of false or fraudulent claims, paid or approved by officials of the United States government in violation of 31 U.S.C., Section 3729(a)(1). As a result of the Defendants' conduct, the United States suffered actual damages.

## Count Three - False Claims Act

### (Concealment)

24. The allegations of paragraph numbers 1 through 23 are incorporated by reference herein as if each is fully set forth.

25. The Defendants, Mid-West, Vivra, Brooks, Visser and Duddy, knowingly made or used, or caused to be made or used, false records or statements to conceal, avoid or decrease its obligation to pay, transmit, or return money or property, to the United States government in violation of 31 U.S.C., Section 3729(a)(7). As a result of Defendants' conduct, the United States suffered actual damages.

## Count Four - Payment by Mistake of Fact

26. The allegations of paragraph numbers 1 through 25 are incorporated by reference herein as if fully set forth.

27. As a result and the consequence of the aforesaid conduct, the United States' Reimbursement of Medicare Part A and Part B Claims were not properly reimbursable and the United States paid Defendants Mid-West, Vivra, Brooks, Visser and Duddy, for Medicare Part A and Part B claims for which Defendants were not entitled.

28. At the time, the United States made such payments, government officials were unaware of the wrongful conduct of the Defendants Mid-West, Vivra, Brooks, Visser and Duddy. Had the United States known that Defendants were not entitled to receive reimbursement or payment under

Medicare Part A for the health care claims, the United States would not have approved the payment of such funds.

29. That as a result of the aforesaid acts, omissions and conduct, the United States is entitled to recover the funds paid to the Defendants Mid-West, Vivra, Brooks, Visser and Duddy by mistake.

### Count Five - Breach of Contract

30. The allegations of paragraph numbers 1 through 29 are incorporated by reference herein as if each is fully set forth.

31. The employment and/or association and retention of the Plaintiff by the Defendants Mid-West and Vivra constituted a contract of employment between Plaintiff and Defendants.

32. Defendants Mid-West and Vivra breached such contract with Plaintiff by reprimanding him for noting the improper billings procedures and for objecting to the use of "canned" dictation in violation of Medicare and HCFA reimbursement standards, all of which resulted in the presentation of false claims, unethical practices and financial misconduct.

### Count Six - Retaliatory Discharge

33. The allegations of paragraph numbers 1 through 32 are incorporated by reference herein as if each is fully set forth.

34. The violations which Plaintiff reported included violation of the False Claims Act 31 U.S.C., Section 3729 *et seq.* and Federal Regulations relating to the conduct and nature of procurement when Federal monies are being expended.

35. Pursuant to 31 U.S.C. Section 3730(h), there is specific cause of action for employees who are disciplined or discharged for their efforts at taking steps "in furtherance of action under this section". Plaintiff's conduct in reporting the violations within the administrative bodies of the agency for the Defendants Mid-West, Vivra, Brooks, Visser and Duddy, as identified in the

Statement of Facts, was clearly done in furtherance of an action within the meaning of this section.

## Prayer for Relief

WHEREFORE, Plaintiff Harold R. Moore acting on behalf of and in the name of the United States of America demands and prays that judgment be entered in favor of the United States and against Defendants Mid-West Podiatry, Vivra, Brooks, Visser and Duddy under Counts One through Six of the Complaint as follows:

1. On Count One - False Claims Act (Presentation of False Claims) for treble the amount of damages suffered by the United States plus civil penalties of Ten Thousand Dollars ($10,000.00) for each false claim presented by each of the Defendants.

2. On Count Two - False Claims Act (Presentation of False Statements) for treble the amount of damages suffered by the United States plus civil penalties of Ten Thousand Dollars ($10,000.00) for each false statement or false record presented by each of the Defendants.

3. On Count Three - False Claims Act (Concealment) for treble the amount of damages suffered by the United States plus civil penalties of Ten Thousand Dollars ($10,000.00) for each false statement or false record presented by each of the Defendants.

4. On Count Four - Payment by Mistake of Fact for the return of all government funds paid by mistake or through the erroneous acts of the Defendants, Mid-West, Vivra, Brooks, Visser and Duddy, plus pre-judgment interest.

5. For all accrued interest, cost and attorneys fees.

6. For such other and further relief as the Court deems just and equitable.

MOREOVER, Relator Harold R. Moore on his own behalf demands and prays that an award be made in his favor as follows:

a. for 25% of the proceeds collected by the United States if the United States intervenes in

and conducts this action, or for 30% of the proceeds if the United States does not intervene;

b. on Count Five - Breach of Contract for immediate reinstatement, reimbursement of all back pay and benefits relative to the Defendants Mid-West and Vivra;

c. on Count Six - Retaliatory Discharge for Reinstatement of the Plaintiff and payment for two times the amount of back pay, interest on the back pay and compensation for special damages, including attorneys fees and costs, against the Defendants Mid-West and Vivra;

d. for an amount for reasonable expenses necessarily incurred by Relator in the prosecution of this action;

e. for all reasonable attorneys fees and costs incurred by Relator in connection with these proceedings; and

f. for such other and further relief to which Relator may show that he is justly entitled.

### Demand for Jury Trial

Plaintiff Harold R. Moore demands that this case be tried before a jury.

Gregory Brough #1901
8000 Maryland Avenue, Suite 1000
Clayton, Missouri 63105
(314) 725-0001
(314) 725-7435 (Facsimile)

Lon C. Engel
Engel & Engel, P.A.
11 E. Lexington Street Suite 200
Baltimore, MD 21202
(410) 727-5095

Attorneys and Counsel for Plaintiffs

## CERTIFICATION OF SERVICE

I hereby certify under the penalties of perjury that on this 16th day of October, 2001, I caused a copy of the foregoing Complaint to be served by registered or certified mail upon Honorable John Ashcroft, Attorney General, United States Department of Justice, 10th & Constitution Avenue, N.W., Washington, D.C. 20006 and hand delivered a copy of the foregoing Complaint to Raymond W. Gruender, United States Attorney for the Eastern District of Missouri, c/o Claire Schenk, Assistant United States Attorney, 111 S. 10th Street, 20th Floor, St. Louis, MO 63102.

Gregory Brough